DURABOND PRODUCTS, INC., a Delaware Corporation (formerly known as Permalastic Products Company, Inc.), Plaintiff,

v.

UNITED STEELWORKERS OF AMERICA, AFL–CIO, Defendant.

No. 75 C 4243.

United States District Court,
N. D. Illinois, E. D.

Sept. 27, 1976.

John A. McDonald, Clarence O. Redman, Theresa J. Arnold, Keck, Cushman, Mahin & Kate, Chicago, Ill., for plaintiff.

David L. Gore, Bernard Kleiman, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the motion of defendant United Steelworkers of America, AFL–CIO, (Steelworkers) for summary judgment on its counterclaim and on the motion of plaintiff Durabond Products, Inc. (Durabond) for summary judgment on its complaint. For the reasons hereinafter stated, partial summary judgment shall be entered for Steelworkers and partial summary judgment shall be entered for Durabond.

On December 15, 1975, Durabond filed its complaint under section 301(a) of the Labor-Management Relations Act, 29 U.S.C. § 185(a), seeking to set aside and vacate an arbitration decision. On March 18, 1976, Steelworkers filed a counterclaim under section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, and under the Arbitration Act, 9 U.S.C. § 4, seeking injunctive relief restraining Durabond from refusing to perform its obligations under the arbitration decision and requested attorney's fees and costs. Thereafter Steelworkers filed a motion for summary judgment and a memorandum of law in support of its motion. Durabond then filed its motion for summary judgment and memorandum of law in support of its motion and in opposition to the motion of Steelworkers.

The material background facts are not in dispute. Durabond (formerly known as Permalastic Products Company, Inc.) is a Delaware corporation with its principal place of business within this district. Among other facilities, it operates an adhesive manufacturing plant in Trenton, New Jersey. All production and maintenance employees at this plant are represented by Steelworkers.

At all times relevant hereto, Durabond and Steelworkers have operated pursuant to a collective bargaining agreement, covering certain employees at the New Jersey facility, entered into on June 30, 1974. On March 20, 1975, Durabond discharged four employees within the bargaining unit covered by this agreement. Thereafter the grievance provisions of the agreement were followed and a hearing was held before an arbitrator. The issue before the arbitrator was whether the four grievants—Miguel Correa, Jose Rodriguez, Leopoldo Rimirez and Frederick Simpson—had been discharged for just cause for refusing to work overtime on March 18, 1975. The arbitrator decided that Durabond's discharge of these four employees was too severe and reduced the discharge to a period of suspension and ordered back pay in a decision dated November 21, 1975. Durabond has refused to honor this decision.

Steelworkers asserts that Durabond improperly seeks to have this court relitigate the arbitrator's decision by suggesting in its complaint that the arbitrator's findings do not support the award. When, as here, the parties have agreed that the arbitrator's award is to be final,[1] Steelworkers argues that this court cannot consider the merits of the dispute. Rather, it is argued that this court's only inquiry is whether the award "draws its essence" from the agreement.

---

1. Section 6.0(d) of the agreement provides, in part, that "the decision of the Arbitrator shall be final and binding on both parties hereto."

Steelworkers asserts that the award was proper as the arbitrator found that (1) overtime in the past was voluntary, (2) Durabond had failed to discuss mandatory overtime with Steelworkers, (3) the company failed to notify its Spanish-speaking employees of the mandatory overtime and (4) Durabond's decision to discharge the employees was precipitant. Having concluded that discharge was too severe a penalty, Steelworkers argues that this court cannot redetermine whether the evidence before the arbitrator supports his findings and cannot substitute its evaluation of said evidence in place of the arbitrator's evaluation.

Durabond contends that the decision of the arbitrator was in excess of his authority under the collective bargaining agreement.[2] It asserts that the arbitrator upheld its factual contentions and found that Durabond had just cause to discipline the grievants but then unreasonably awarded reinstatement and back pay. The decision is argued to be in contravention of the submission and the express terms of the collective bargaining agreement.

█ Clearly the role of this court in reviewing the arbitrator's decision is narrowly circumscribed. When, as here, the decision of the arbitrator is to be final under the agreement, this court cannot consider the merits of the grievance. *Haynes v. United States Pipe & Foundry Company,* 362 F.2d 414 (5th Cir. 1966). An award may be vacated when the arbitrator has, *inter alia,* exceeded his contractual authority. *Cannon v. Consolidated Freightways Corp.,* 524 F.2d 290, 294–95 (7th Cir. 1975) and cases cited.

As noted *supra,* the issue before the arbitrator was whether the grievants had been discharged for just cause. The arbitrator concluded that disciplinary action was clearly justified. Decision at 8. At issue here is whether the arbitrator has interfered with the company's exercise of its contractual rights under the collective bargaining agreement.

Durabond places primary reliance upon *Local 342, United Automobile, Aerospace & Agricultural Implement Workers of America v. T. R. W. Inc.,* 402 F.2d 727 (6th Cir. 1968), *cert. denied,* 395 U.S. 910, 89 S.Ct. 1742, 23 L.Ed.2d 223 (1969) and *Textile Workers Union of America v. American Thread Company,* 291 F.2d 894 (4th Cir. 1961). Steelworkers has not attempted to distinguish these cases. However, having examined the relevant case law in this area, the court is of the opinion that they are distinguishable as to three of the four grievants, i. e., Jose Rodriguez, Leopoldo Rimirez and Frederick Simpson.

In *Local 342,* a decision of an arbitrator was reversed as the arbitrator found that there had been a clear violation of the collective bargaining agreement and thereafter set aside a discharge penalty because of his concept of procedural unfairness. 402 F.2d at 730. Similarly, in *Textile Workers,* the arbitrator's award was vacated because it was clear that the arbitrator had found a serious violation of the collective bargaining agreement and thereafter adjusted the penalty as too severe. 291 F.2d at 898–900.

█ In the instant situation, the arbitrator found that grievants' refusal to work overtime on March 18, 1975, clearly justified disciplinary action. Decision at 8. He did not find, however, that there was in fact just cause for discharge. On the one hand, the arbitrator seems to suggest that there was a violation of the agreement and that just cause existed but that discharge was improper. On the other hand, however, the arbitrator's decision suggests that there was no just cause as grievants were not on prior notice because of Durabond's

---

**2.** Section 6.1 of the agreement provides, in part, that the Arbitrator's function "shall be to determine controversies arising out of or within the Agreement and he shall have no power to add to or subtract from, set aside or modify any of the terms of the Agreement." Section 3.0 of the agreement provides that the "Union agrees that the function of Management belongs solely to the company . . . subject to the provisions of the Agreement." Section 3.1 of the agreement provides, in part, that the function of management includes the right "to discipline, suspend or discharge for just cause."

inaction and an insufficient warning of the consequences. As this is a situation in which the ambiguity in the award only permits an inference that the arbitrator exceeded his authority, the award must be enforced on this issue. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

Nevertheless the court is of the opinion that the arbitrator's award must be overturned to the extent that it orders the reinstatement of Miguel Correa. The arbitrator expressly found that this individual also violated Article XVII of the collective bargaining agreement,[3] by encouraging a walk-out on March 19, 1975. In effect, the arbitrator stated that there was a clear violation of the agreement and decided to substitute his own remedy. Having clearly found a violation of the collective bargaining agreement, the arbitrator could not then proceed to substitute his judgment as to the appropriateness of the discipline for the judgment vested in Durabond under the terms of the agreement. *Textile Workers Union of America v. American Thread Company, supra.* The award insofar as it orders reinstatement and back pay to Miguel Correa must be vacated.

It is unclear to the court whether Durabond separately challenges the authority of the arbitrator to award back pay. In its complaint, Durabond asserts that the back pay awards violate its right to pay only for hours actually worked under the agreement[4] and further that the back pay awards are unjust as they were not based upon any evidence that Durabond was responsible for the delay between the period of discharge and the arbitrator's decision. Complaint at ¶ 10(a) and ¶ 10(e). However, this issue has not been raised directly in Durabond's memorandum and no case au-

thority has been cited for its position. As the instant collective bargaining agreement contains no express provisions on remedies, the court is of the opinion that the arbitrator's decision on this issue was proper. *International Union of Electrical, Radio and Machine Workers v. Peerless Pressed Metal Corporation*, 489 F.2d 768, 769 (1st Cir. 1973); *Mogge v. District 8, International Association of Machinists*, 454 F.2d 510, 514–15 (7th Cir. 1971).

Finally, the court is of the opinion that each party should bear its own fees and costs. Again, this issue has not been addressed in the memorandum of either party.[5] When, as here, a situation exists where Durabond did not refuse to abide by the decision of the arbitrator without any reasonable justification, costs and fees to Steelworkers is improper. *Western Electric Company, Inc. v. Communication Equipment Workers, Inc.*, 409 F.Supp. 161, 179 (D.Md.1976).

It is therefore ordered that summary judgment shall be, and the same is hereby, granted Steelworkers insofar as it seeks enforcement of the arbitrator's decision and award as to Jose Rodriguez, Leopoldo Rimirez and Frederick Simpson.

It is further ordered that summary judgment shall be, and the same is hereby, granted Durabond insofar as it seeks to vacate the arbitrator's decision and award as to Miguel Correa.

It is further ordered that Durabond and Steelworkers shall each bear their own costs and attorney's fees.

---

3. Section 17.0 of the agreement provides that "there shall be no strikes, walkouts, lockouts . . . or other similar interruption of work during the period of this Agreement."

4. Section 4.1 of the agreement provides, in part, that "for each of the days Monday through Friday, inclusive, straight time will be paid for all hours worked up through eight (8) and time and one-half will be paid for all hours worked in excess of eight (8) hours per shift."

5. As noted in the text, Steelworkers counterclaimed and therein requested an award of attorney's fees and costs.