**UNITED STEELWORKERS OF AMERICA, AFL–CIO–CLC, Plaintiff-Appellant,**

v.

**W. C. BRADLEY CO., Defendant-Appellee.**

**No. 75–4113.**

United States Court of Appeals, Fifth Circuit.

April 22, 1977.

John C. Falkenberry, Birmingham, Ala., David Crosland, Atlanta, Ga., Bernard Kleiman, Chicago, Ill., for plaintiff-appellant.

Robert L. Thompson, Atlanta, Ga., for defendant-appellee.

Before GOLDBERG and TJOFLAT, Circuit Judges, and WYATT *, District Judge.

PER CURIAM:

The Steelworkers took this appeal from the district court's refusal to compel performance of an arbitrator's award pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The lower court held that the employer's January 1974 offer of reinstatement "complied" with the terms of a subsequent arbitration award, rendered in July 1974, and thus rectified the employer's December 1973 contractual violation. Inexplicably neither party to this dispute disclosed to the arbitrator the fact of the January offer of reinstatement. Hence the arbitrator understandably took no account of the January reinstatement in framing his award.

It is unclear whether the January reinstatement accomplished everything intended by the arbitrator's award. First, it must be determined whether the January recall offered seniority terms equal to those mandated by the July award. Some of those who declined the January reinstatement

* Senior District Judge of the Southern District of New York sitting by designation.

might not have done so had they been assured of seniority equal to that guaranteed by the July award.

Second, it must be determined whether the arbitrator's language obligating the employer to reinstate laid-off employees "to the extent work is available for which they have the ability to perform" was intended to recall improperly laid-off employees only to job vacancies or also to equivalent positions occupied by less senior employees. The appellant represents employees laid off from day shift jobs. The January reinstatement offered only second and third shift jobs because only such jobs were vacant. Hence the meaning of the arbitrator's "to the extent available" language is critical for improperly laid-off employees who seek to displace junior employees in day shift jobs.

Neither of these questions would likely have reached this court had the parties notified the arbitrator of the January reinstatement. This consideration, joined with the fact that an ambiguous phrase in the arbitrator's award is the fulcrum of this dispute, suggests that we should give the arbitrator that which the parties have denied him—a chance to remedy the employer's contractual violation in the light of all facts relevant to framing his award. It was the arbitrator's informed judgment and precise construction for which the parties bargained. Only by returning this matter to the arbitrator can we assure them of those benefits. *See San Antonio Newspaper Guild v. San Antonio Light Division,* 481 F.2d 821, 825 (5th Cir. 1973); *Hanford Atomic Metal Trades Council v. General Electric Co.,* 353 F.2d 302, 307–8 (9th Cir. 1965).

Accordingly, the judgment of the district court is vacated and the cause remanded with instructions further to remand to the original arbitrator.

VACATED AND REMANDED.