INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), and its Local 1350

v.

LEEDS & NORTHRUP COMPANY.

Civ. A. No. 79–1488.

United States District Court, E. D. Pennsylvania.

Oct. 2, 1979.

Richard H. Markowitz, Philadelphia, Pa., for plaintiff.

Melvin Schwarz, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is the motion of the defendant Leeds & Northrup Company ("Leeds") to dismiss and remand this action to arbitration. For all of the following reasons, the Court will grant Leeds' motion to remand.

The instant action concerns a suit by plaintiff International Union of United Automobile, Aerospace and Agricultural Implement Workers of America and its Local 1350 ("UAW") against defendant Leeds alleging that Leeds violated the terms of a prior arbitrator's award. The action is brought pursuant to section 301 of the National Labor Relations Act, 29 U.S.C. § 185. The arbitrator's award centered around an employee bonus referral program that had been instituted by Leeds whereby bonuses were awarded to employees who recommended job applicants who were hired and remained on the job for a set period of time. As a result of the discontinuance of that plan, the UAW brought the matter before an arbitrator claiming a violation of the collective bargaining agreement. The arbitrator ordered Leeds to identify and pay those employees who were eligible for bonuses under the terms of the plan. The arbitrator stated, in pertinent part:

. . . as long as the Employer identifies applicants who are recommended by current employees, the established working condition requires it to pay the designated bonus if an employee recommended applicant is hired and works thirteen weeks. Those are the circumstances that constitute the established practice that has become an implicit part of the Agreement. It was the unilateral discontinuance of the bonus *under those conditions* that constituted a violation of the Agreement. It should be clear that the finding of a Contract violation is limited to the discontinuance of the bonus payments under those circumstances. [Emphasis in original]

Memorandum in Support of Defendant's Motion to Remand this Action to Arbitration, at 2.

The arbitrator held that the bonus plan was to be reinstated, with the parties to engage in negotiations of any changes in the plan. However, the arbitrator was quick to note that his findings were "limited to the discontinuance of the bonus payments under those circumstances." *Id.* Leeds has complied with the award and paid, as of March 28, 1979, a total of $17,-047.77 in bonuses to 139 employees under the plan. However, Leeds has recently discontinued the entire plan, not just the pay-

ment of bonuses, allegedly pursuant to Article 2, § 1 of the collective bargaining agreement setting forth the rights of management and the arbitration award.

Leeds now claims that:

This change in the underlying circumstances, as stated by Arbitrator Joseph, is the necessary and sufficient step to unilateral discontinuance of the bonus plan. Since there is no longer an acceptance of recommendations, nothing is offered by the employees and nothing is gained by Leeds & Northrup. The acceptance of recommendations constituted "the circumstances under which the practice was established" and under which the Arbitrator ruled no change could be made unilaterally. Without those circumstances, unilateral change was authorized.

Memorandum in Support of Defendant's Motion to Remand this Action to Arbitration, at 3.

The precise issue now before this Court is whether the changing factual circumstances, in the interim period since the issuance of the arbitrator's award, require this Court to remand the action for further arbitration. The Third Circuit Court of Appeals, in *Mine Workers, Etc. v. Barnes & Tucker Co.*, 561 F.2d 1093 (3d Cir. 1977), stated:

Our conclusion that the absence of an arbitration award does not preclude judicial enforcement of the settlement agreements is not dispositive of this case. In order to be enforceable, a settlement agreement, like an arbitration award, must not only be final and finding by the terms of the collective bargaining agreement, but it must also be sufficiently specific as to be capable of implementation. *See Electrical Contractors Association v. Local 103, International Brotherhood of Electrical Workers*, 458 F.2d 590, 592–93 (1st Cir. 1972). Courts will not enforce a settlement agreement that is vague, ambiguous, incomplete, or unclear in its meaning and effect. *See Chief Freight Lines Co. v. Local 886, International Brotherhood of Teamsters*, 514 F.2d 572, 579 (10th Cir. 1975); *Bell Aerospace Co. v. Local 516, UAW*, 500 F.2d 921, 923 (2d Cir. 1974); *San Antonio Newspaper Guild v. San Antonio Light Division*, 481 F.2d 821, 824–25 (5th Cir. 1973); *Local 369, International Brotherhood of Electrical Workers v. Olin Corp.*, 471 F.2d 468, 472 (6th Cir. 1972); *United Steelworkers v. Timken Roller Bearing Co.*, 324 F.2d 738, 740 (6th Cir. 1963). We believe that the settlement agreements in this case are too uncertain in their effect to be granted enforcement.

This Court finds that the changing circumstances subsequent to the arbitrator's award has rendered that award, at this time, unclear in its meaning and effect. The arbitrator made an award based on the existence of certain factual events which now have completely changed. Leeds has not merely discontinued the payments of bonuses, which would clearly be contrary to the award, but has gone one step beyond and eliminated the entire employee bonus referral program. As defendant Leeds correctly asserts, at the present time, there is no longer consideration flowing from the employees to Leeds in exchange for the reconsideration bonus.

Finally, as the Fifth Circuit Court of Appeals stated in *United Steelworkers of America, AFL–CIO–CLC v. W. C. Bradley Co.*, 551 F.2d 72 (5th Cir. 1977) (*per curiam*), in regard to the reluctance of courts to enforce incomplete awards:

Neither of these questions would likely have reached this court had the parties notified the arbitrator of the January reinstatement. This consideration, joined with the fact that an ambiguous phrase in the arbitrator's award is the fulcrum of this dispute, suggests that we should give the arbitrator that which the parties have denied him—a chance to remedy the employer's contractual violation in the light of all facts relevant to framing his award. It was the arbitrator's informed judgment and precise construction for which the parties bargained. Only by returning this matter to the arbitrator can we assure them of those benefits. *See San Antonio Newspaper Guild v. San Antonio Light Division*, 481 F.2d 821, 825

(5th Cir. 1973); *Hanford Atomic Metal Trades Council v. General Electric Co.*, 353 F.2d 302, 307–8 (9th Cir. 1965).

551 F.2d at 72.

This Court finds that the altered factual circumstances should now be reassessed by the labor arbitrator in light of his prior award, thereby preventing this Court from being thrust into a clearly arbitrable labor dispute.[1]  *See  United  Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 566, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960).

1. As a result of the Court's determination on the motion to remand for arbitration, a ruling on plaintiffs' motion for summary judgment is unnecessary at this time.