683 F.2d 419
 113 L.R.R.M. (BNA) 3360, 97 Lab.Cas. P 10,095
 Unpublished Disposition
 NOTICE: Eleventh Circuit Rule 36-2 states that unpublished opinions are not considered binding precedent. They may be cited as persuasive authority, provided that a copy of the unpublished opinion is attached to or incorporated within the brief, petition or motion.
 
 Aeronautical Machinists Lodge 709, IAM & AW, AFL-CIO,
Plaintiff-Appellee
v.
Lockheed-Georgia Company, Division of Lockheed Corporation,
Defendant-Appellant.
 Nos. 81-7772, -7918.
 United States Court of Appeals, Eleventh Circuit.
 July 21, 1982.
 Before TJOFLAT, FAY and HENDERSON, Circuit Judges.
 
 PER CURIAM
 
 1
 Following a dispute[1] between the Union representative and Company officials, the Company barred the Union representative from its facilities. The matter resulted in arbitration pursuant to the collective bargaining agreement. The arbitrator twice ruled in favor of the Company and the district court twice overruled the arbitrator's action. The matter comes to us for review of the summary judgment entered by the district court in favor of the Union. The Company also asks for attorneys' fees. We reverse summary judgment and reinstate the arbitrator's decisions with instructions.
 
 
 2
 Article II, Section 2, of the collective bargaining agreement provides in part:
 
 
 3
 The President, Vice-President and Business Representatives of the Union shall have access to the Labor Relations Department Office for the purpose of contacting Labor Relations personnel and shall have access to the departments of the Company's plant to which they are assigned for the sole purpose of contacting the Union Steward or Committeeman concerning employee complaints or grievances or matters arising out of the application of this Agreement. Such visits shall be subject to such regulations as may be made from time to time by the Company. The Company shall not impose regulations which will render ineffective the purpose of this Section.
 
 
 4
 (R. 3, 159 [Art. II, Sec. 2] (emphasis added).
 
 
 5
 The parties referred to grievance to arbitration based on separate submission statements. (R. 2, 14; R.3, 161-63). Under the arbitration provision of the agreement, in the absence of a joint submission, "the arbitrator shall determine the issue or issues to be heard, provided that said issue or issues are arbitrable in accordance with this Section." (R. 3, 159 [Art. III, Sec. 5] (emphasis added). Both parties stipulated that the matter was arbitrable. The arbitrator determined that the issue presented for resolution was "whether or not the Company violated the Agreement by permanently barring Business Representative R.P. Mason from all Company-controlled property on May 3, 1977." (R. 2, 14).
 
 
 6
 After receiving evidence, the arbitrator concluded that the Company's decision to bar Mason from its premises did not violate the agreement. In interpreting the agreement, the arbitrator applied a "rule of reasonableness" to conclude that
 
 
 7
 [i]mplicit in those [access] provisions is the requirement that Business Representatives conduct themselves in a manner consistent with commonly accepted behavior in their adversary relationship with management personnel. The right to access to Company facilities may properly be denied an individual who commits physical violence toward others, activity which is clearly beyond the limit of acceptable behavior. A Business Representative who exercises his right of access by physically abusing management personnel may properly be denied that right.... [Mason's] conduct while in the Company's plant amounted to an abuse of his right to have access to the plant. The Company's action in permanently barring [Mason] from the plant was justified by his misconduct and did not violate the Agreement.
 
 
 8
 Id., 17-18.
 
 
 9
 After the issuance of the award, the Union initiated a complaint in federal district court seeking to vacate the award. Id., 4-6. Subsequently, the parties filed cross-motions for summary judgment. Id., 40-99, 100-43. The district court remanded the case to the arbitrator because it concluded that the arbitrator had gone beyond the issue submitted to him in making his determination. The court found that the issue before the arbitrator did not concern whether the Company's action was justified, but was instead "whether the Company's action was justified, but was instead "whether the Company's action rendered ineffective the purposes of the provision of the collective bargaining agreement which allowed Mr. Mason access to property of the Company for the purpose of performing his job as business representative.... (R. 1, 210-11). The district court further stated that if the Company's action rendered the access provision ineffective, the arbitrator "would have been required to conclude that the Company violated the agreement according to its terms, no matter how justified he might have found that violation to be." Id., 211.
 
 
 10
 On remand, the arbitrator issued a supplemental opinion and award addressing the issue for arbitration as redefined by the district court. Id., 314. The arbitrator again resolved the dispute in favor of the Company. In clarifying the basis for the original award, he reasoned that "seemingly unrestricted rights" granted in a collective bargaining agreement may include implicit restrictions and obligations. The arbitrator found that implicit in the right of access is the restriction that Union representatives conduct themselves "in a manner ... consistent with the purposes for which access has been granted" and the obligation "to refrain from engaging in activity which exceeds the limits of acceptable conduct." Id. The arbitrator then concluded that Mason's breach of his obligation of proper conduct operated as a waiver and forfeiture of his corresponding right to have access to the Company's plant and gave the Company the authority to rescind Mason's right of access without committing a violation of the agreement. Id.
 
 
 11
 In addition, the arbitrator offered two other grounds for his decision: (1) the Company's denial of access did not render the access provision ineffective because all other Union representatives continued to have access to the premises; and (2) the denial of access was not a regulation which could render the access provision ineffective because "regulations" within the meaning of that provision concern only the manner in which plant visits are made, not the right to access itself. Id.
 
 
 12
 After issuance of the supplemental award, the matter was returned to the district court for action on the parties' outstanding motions for summary judgment. The district court rejected the arbitrator's resolution of the issue concluding that the arbitrator's analysis was "in direct contravention of this Court's earlier ruling" because it was premised on his original determination that the Company's action was justified and, therefore, not in violation of the agreement. Id., 356. Finding that the arbitrator had exceeded his authority, the district court then interpreted the access provision to require the arbitrator to decide whether the Company could bar a particular Union representative from its premises "without regard to the arguments the Company might put forth to justify its action." Id., 357. The court further concluded that the arbitrator's analysis, which construed the right of access as contingent upon an obligation to refrain from violence, "impermissibly added terms which the parties did not place in the contract." Id., 358. In support of this conclusion, the district court noted that the arbitrator's failure to find any ambiguity in the contractual language precluded him from relying on the "law of the shop." Id. The district court then conducted an analysis of the record and found that if the arbitrator had been permitted to consult the law of the shop, the custom and practice of the Company "did not show a regular practice of ousting business representatives from the premises for excessive behavior. To the contrary, it showed toleration and even condonation of excessive behavior by both parties over the years." Id., 358-59. The court granted the Union's motion for summary judgment and entered judgment accordingly. Id., 369-70, 373.
 
 
 13
 The Union then moved the court to amend its judgment to require the Company to permit Mason to have access to the premises and to issue Mason the necessary credentials to permit such access. Id., 362-63. The district court denied the motion to amend because the affirmative relief sought would be a decision on the merits and, thus, beyond the court's jurisdiction. (1st Sup.R. 16-17). Notices of appeal were timely filed. (R. 1, 371, 373; 1st Sup.R. 22).
 
 
 14
 The scope of review of an arbitrator's award is extremely limited. "When the question of arbitrability is resolved in favor of arbitration, our only remaining function is to determine whether the award draws its 'essence' from the collective bargaining agreement...." International Association of Machinists & Aerospace Workers v. Texas Steel Co., 538 F.2d 1116, 1120-21 (5th Cir.1976), cert. denied, 429 U.S. 1095 (1977); Amalgamated Meat Cutters & Butcher Workmen v. Neuhoff Bros. Packers, Inc., 481 F.2d 817, 819 (5th Cir.1973). The Company contends that the arbitrator's original award drew its essence from the agreement and, therefore, should have been enforced. The Company also contends that the arbitrator did not exceed his authority in making the original award.
 
 The arbitrator is
 
 15
 confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.
 
 
 16
 United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). The former Fifth Circuit interpreted this limitation in terms of "foundation in reason or fact";
 
 
 17
 [A]n award "without foundation in reason or fact" is equated with an award that exceeds the authority or jurisdiction on the arbitrating body, to merit judicial enforcement, an award must have a basis that is at least rationally inferable, if not obviously drawn, from the letter or purpose of the collective bargaining agreement. The arbitrator's role is to carry out the aims of the agreement, and his role defines the scope of his authority. When he is no longer carrying out the agreement or when his position cannot be considered in any way rational, he has exceeded his jurisdiction. The requirement that the result of arbitration have "foundation in reason or fact" means that the award must, in some logical way, be derived from the wording or purpose of the contract."
 
 
 18
 International Association of Machinists & Aerospace Workers v. Modern Air Transport, Inc., 495 F.2d 1241, 1244 (5th Cir.), cert. denied, 419 U.S. 1050 (1974) (quoting Brotherhood of Railroad Trainmen v. Central of Georgia Railway Co., 415 F.2d 403, 411-12 (5th Cir.1969), cert. denied, 396 U.S. 1008 (1970).
 
 
 19
 "[T]he question of interpretation of the collective bargaining agreement is a question for the arbitrator. Enterprise Wheel, 363 U.S. at 599, 80 S.Ct. at 1362; quoted in Waverly Mineral Products Co. v. United Steelworkers, 633 F.2d 682, 684 (5th Cir.1980). The arbitrator's source of law for interpreting the agreement is not confined to the express provisions of the contract because the practices of the industry and the shop are "equally a part of the collective bargaining agreement although not expressed in it." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 581-82, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960).
 
 
 20
 A reading of the arbitrator's original award reveals that it was based on an interpretation of the collective bargaining agreement together with the law of the shop. His analysis and reasoning with regard to the implicit obligation of a business representative to conduct himself in a manner consistent with commonly accepted behavior cannot be said to be without foundation in reason or fact. The rule of reasonableness which the arbitrator applied was found in the law of the shop and could be used to interpret the access provision unless the agreement " 'stated a contrary rule in plain words.' " Warrior & Gulf, 363 U.S. at 580, 80 S.Ct. at 1351 (quoting Cox, Reflections Upon Labor Arbitration, 72 Harv.L.Rev. 1482, 1498-99 (1959)). Because there is no provision in the arbitration section of the agreement prohibiting the use of the "law of the shop" in interpreting the agreement, the arbitrator's words cannot be said to "manifest an infidelity" to his obligation to interpret the agreement without dispensing "his own brand of industrial justice." (R. 3, 159 [Art. III, Sec. 5]; Enterprise Wheel, 363 U.S. at 597, 80 S.Ct. at 1361. The arbitrator's original award drew its essence from the collective bargaining agreement and the arbitrator in reading the agreement did not exceed his authority by applying the law of the shop.
 
 
 21
 As noted, the court's sole function on review of the arbitration award was to determine whether the award drew its essence from the collective bargaining agreement. The Company contends that the district court exceeded its permitted scope of review by (1) redefining the issue presented for resolution and (2) reviewing the merits of the case.
 
 
 22
 The district court, in reviewing the award, determined that the arbitrator's application of a rule of reasonableness to conclude that the Company's action was justified and, therefore, not a violation of the agreement, exceeded the scope of the issue presented to him. The court then undertook to redefine the issue to focus on whether the action barring Mason from the premises rendered the access provision ineffective, rather than whether the action violated the agreement. (R. 1, 210-11). This act of redefinition clearly encroached on the arbitrator's express authority to define the issue for resolution in the absence of a joint submission. (R. 3, 159 [Art. III, Sec. 5].
 
 
 23
 The district court's conclusion that the arbitrator exceeded the scope of the issue submitted for arbitration was also improper because the court engaged in an examination of the merits and substituted its judgment for that of the arbitrator. The arbitrator's analysis of the merits revolved around an implicit obligation on the part of business representatives to refrain from physical violence. The arbitrator found that, under the rule of reasonableness, the Company's action was justified and that, in light of such justification, the agreement was not violated. The district court, however, found this line of reasoning to be unacceptable and directed the arbitrator to conduct his analysis on remand without reference to justifications for the action. (R. 1, 211). The question of construction of a collective bargaining agreement is one for the arbitrator. Insofar as the arbitrator's decision concerns construction of the agreement, "the courts have no business overruling him because their interpretation of the contract is different from his." Enterprise Wheel, 363 U.S. at 599, 80 S.Ct. at 1362, quoted in Waverly Mineral, 633 F.2d at 684. If the arbitration award on its face is grounded in the agreement and the law of the shop, the courts may not " 'assay the legal correctness of the reasoning pursued....' " United Steelworkers v. U.S. Gypsum Co., 492 F.2d 713, 733 (5th Cir.), cert. denied, 419 U.S. 998 (1974). Here, the arbitration award was based on a construction of the access provision and the law of the shop; the district court exceeded its authority on review when it supplanted the arbitrator's reasoning with its own and attempted to direct the arbitrator's analysis on remand.
 
 
 24
 The Company contends that the district court erred in remanding the case to the arbitrator for additional findings on the issue of whether the Company's action rendered the access provision ineffective. Remands to arbitrators have been deemed appropriate in those cases where the arbitration award is so vague or ambiguous as to be incapable of enforcement. See, e.g., United Steelworkers v. W.C. Bradley Co., 551 F.2d 72 (5th Cir.1977); San Antonio Newspaper Guild v. San Antonio Light Division, 481 F.2d 821 (5th Cir.1973). The award in this case contained no ambiguity rendering it incapable of enforcement. The finding that no violation of the agreement had resulted from the Company's action in barring Mason from its premises was unequivocal. The district court's remand of the case to the arbitrator was improper.
 
 
 25
 The Company contends that even if the remand was proper, the district court erred in vacating the supplemental award based on its own interpretation of the agreement. A reading of the district court's order vacating the supplemental award (R. 1, 353-61) discloses that the court's rejection of the award was premised on its disagreement with the arbitrator's analysis. The former Fifth Circuit has held that "[i]f the reasoning is so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling then the Court can strike down the award." Safeway Stores v. American Bakery & Confectionary Workers International Union, 390 error in reasoning is not so gross, however, the general rule prohibiting F.2d 79, 82 (5th Cir.1968). Where the error in reasoning is not so gross, however, the general rule prohibiting the courts from a review of the merits governs. See Enterprise Wheel, 363 U.S. at 598-99, 80 S.Ct. at 1362; Waverly Mineral, 633 F.2d at 684. Here the arbitrator's reasoning was rationally based on the collective bargaining agreement and the law of the shop. The district court's journey into the merits of the case was error and amounted to nothing more than a substitution of its own view of the dispute for that of the arbitrator in contravention of Supreme Court and Former Fifth Circuit precedent.
 
 
 26
 The Union contends that the district court erred in refusing to grant affirmative relief following the vacation of the arbitration awards. Because the Company was entitled to have the award enforced from the outset, the Union is not entitled to the requested relief.
 
 
 27
 Lastly, the Company contends that it is entitled to an award of attorneys' fees. The district court has authority to award attorneys' fees where it determines that a party has refused to abide by the arbitrator's award without justification. Texas Steel Co., 538 F.2d at 1121; U.S. Gypsum Co., 492 F.2d at 734. Because the district court vacated the award at the Union's request, the Company was not entitled to an award of attorneys' fees. However, the district court should have enforced the arbitration award. This result may give rise to a basis for an award of attorneys' fees to the Company and, therefore, the case is remanded to the district court for a determination of this issue.
 
 
 28
 The summary judgment entered in favor of the Union is reversed; the arbitrator's decisions are reinstated and ordered enforced; the matter is remanded with instructions.
 
 
 
 [1]
 The arbitrator found this to be an improper physical assault upon management personnel