WAREHOUSE, MAIL ORDER, OFFICE, TECHNICAL AND PROFESSIONAL EMPLOYEES, LOCAL NO. 743, IN-TERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WARE-HOUSEMEN AND HELPERS OF AMERICA, Plaintiff,

v.

CARL GORR COLOR CARD, INC., and Carl Gorr Color Card Division of Color Communications, Inc., Defendants.

No. 80 C 6593.

United States District Court,
N.D. Illinois, E.D.

May 9, 1984.

Joel A. D'Alba, Asher, Goodstein, Pavalon, Gittler, Greenfield and Segall, Ltd., Chicago, Ill., for plaintiff.

Nicholas D. Chabraja, Thomas Y Mandler and Gordon A. Goldsmith, Jenner & Block, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Warehouse, Mail Order, Office, Technical and Professional Employees, Local No. 743, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("Local 743") brought this action against defendants, Carl Gorr Color Card, Inc. ("Gorr") and Carl Gorr Color Card Division of Color Communications, Inc. ("Color Communications"), to enforce an arbitrator's award issued on December 4, 1978. Jurisdiction is asserted pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) ("LMRA") and the United States Arbitration Act, 9 U.S.C. § 1 et seq. ("USAA"). Presently pending before the Court is Local 743's motion for attorneys' fees, interest and costs. For the reasons set forth below, Local 743's motion is denied.

A brief review of the events leading up to this action is necessary. Local 743 represented a unit of employees at Gorr as their collective bargaining agent. The initial dispute between Local 743 and Gorr arose when both parties failed to agree on the proper amount of vacation pay due Gorr employees when Gorr discontinued operations on January 17, 1978.[1] Pursuant to the provisions of their collective bargaining agreement, the parties submitted to arbitration. An award was issued by the arbitrator on December 4, 1978 and provided as follows:

## AWARD

Employees of the company in employment as of January 15, 1978, are entitled to their full 1977 vacation pay plus the appropriate proration up to January 15, 1978, under the terms of the Labor Agreement between the parties.

Those employees who have not yet received vacation pay on this basis are entitled to the appropriate additional vacation pay which is due them under this formula.

It is undisputed that no payments were made by Color Communications subsequent to the issuance of the award. Local 743 sought enforcement of the award in this Court on January 27, 1981. On April 13, 1981, we remanded the award to the arbitrator upon a finding that the award failed to specify the particular amounts of vacation pay due each employee. *Warehouse, Mail Order, Office, Technical and Professional Employees, Local No. 743, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America v. Carl Gorr Color Card, Inc., and Carl Gorr Color Division of Color Communications, Inc.,* No. 80–6593, slip op. at 5–6 (N.D.Ill. April 13, 1981). In a supplemental award issued on December 7, 1981, the arbitrator made specific findings as to the amounts due each employee. Shortly thereafter, Color Communications issued checks to the employees in varying amounts and in accordance with the supplemental award. Local 743 now contends that it is entitled to attorneys' fees with regard to Count III of its complaint, which alleges that defendants willfully and without justification failed to comply with the arbitration award.

■ In the United States, the prevailing party is ordinarily not entitled to attorneys' fees from the losing party. Rather, in conformity with the "American Rule," and absent specific statutory or other express authorization, each litigant must bear the expense of its own attorney. *Alyeska Pipeline Service Co. v. Wilderness Socie-*

---

1. Defendant Color Communications purchased the assets of Gorr on January 17, 1978.

*ty,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975); *Bailey v. Meister Brau, Inc.,* 535 F.2d 982, 994 (7th Cir.1976); *Venus v. Goodman,* 556 F.Supp. 514, 520 (N.D.Ill.1983). However, "it has long been established that even under the American common-law rule attorney's fees may be awarded against a party who has proceeded in bad faith." *Christiansburg Garment Company v. Equal Employment Opportunity Commission,* 434 U.S. 412, 419, 98 S.Ct. 694, 699, 54 L.Ed.2d 648 (1978).

Moreover, the Supreme Court has stated that it is within the inherent power of a federal court to assess attorneys' fees against an attorney who has acted unreasonably, vexatiously or in bad faith in connection with a piece of litigation so as to constitute an abuse of judicial process. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 763–64, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980). In the context of an arbitrator's award, the bad faith standard is met where an employer's refusal to comply with an arbitrator's award is without justification. *Shearson Hayden Stone, Inc. v. Liang,* 493 F.Supp. 104, 110 (N.D.Ill. 1980), *aff'd* 653 F.2d 310 (7th Cir.1981); *Durabond Products v. United Steelworkers of America,* 421 F.Supp. 76, 79 (N.D.Ill. 1976).

Local 743 contends that defendants willfully frustrated the arbitration process by refusing to acknowledge any liability under the initial arbitration award on December 4, 1978 until after the supplemental award was issued on December 7, 1981. Defendants claim that the initial award was unenforceable because it resolved only the issue of liability, and failed to specify the particular amounts due each employee.

In the instant action, it is undisputed that defendants complied with the arbitrator's supplemental award of December 7, 1981. Defendants did not refuse "without justification" to abide by the initial award, for there was established legal precedent in favor of their position of nonpayment, and this Court remanded the initial award to the arbitrator for more specific findings.[2] Therefore, Local 743's motion for attorneys' fees, interest and costs is denied. It is so ordered.

---

**2.** It is appropriate to recognize that the decision for which the parties bargained and the one to which they are entitled is that of the arbitrator. *See Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 562–63, 96 S.Ct. 1048, 1055–56, 47 L.Ed.2d 231 (1976); *United Steelworkers of America v. Enterprise Wheel & Car Corporation,* 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960). This Court remanded the instant action to the arbitrator upon a finding that the initial award was unenforceable to the extent that it failed to specify the particular amounts of vacation pay due each employee. In United Steelworkers, the Supreme Court held that an arbitration award was ambiguous and therefore unenforceable by failing to specify the particular amounts to be deducted from the back pay of recently reinstated employees. The Court then remanded the case to the district court "... so that the amounts due the employees may be definitely determined by arbitration." *Id.* at 599, 80 S.Ct. at 1362. The appropriate disposition to clarify an ambiguity or deficiency in an arbitrator's award is that of remand, since it is necessary to assure that both parties will get the informed decision of the arbitrator for which they bargained. *See Steelworkers v. W.C. Bradley Co.,* 551 F.2d 72 (5th Cir.1977).