959 F.2d 2
 140 L.R.R.M. (BNA) 2067, 121 Lab.Cas. P 10,052
 DORADO BEACH HOTEL CORPORATION, Plaintiff, Appellant,
v.
UNION DE TRABAJADORES DE LA INDUSTRIA GASTRONOMICA DE PUERTO
RICO LOCAL 610 OF THE HOTEL EMPLOYEES AND
RESTAURANT EMPLOYEES INTERNATIONAL UNION
AFL-CIO, et al., Defendants, Appellees.
 No. 91-1560.
 United States Court of Appeals,
First Circuit.
 Heard Dec. 3, 1991.
Decided March 20, 1992.
 
 Donald M. Hall with whom McConnell Valdes Kelley Sifre Griggs & Ruiz-Suria, Hato Rey, P.R., was on brief, for plaintiff, appellant.
 Diana Lopez Feleciano with whom Diana Lopez Feleciano Law Offices, Puerto Nuevo, P.R., was on brief, for defendants, appellees.
 Before SELYA, Circuit Judge, BOWNES, Senior Circuit Judge, and CYR, Circuit Judge.
 CYR, Circuit Judge.
 
 
 1
 Dorado Beach Hotel Corporation ("Company") seeks to set aside a district court order directing the enforcement of a labor arbitration award of double damages to Union de Trabajadores de la Industria Gastronomica de Puerto Rico, Local 610 ("Union"), principally on the ground that the provisions of Puerto Rico law on which the award was based are preempted by federal labor law. As we conclude that the Company waived its preemption claim and that the award derives its essence from the collective bargaining agreement, we affirm the district court judgment.
 
 
 2
 * BACKGROUND
 
 
 3
 During 1985, the Union alleged that the Company violated the meal hour provisions of their Collective Bargaining Agreement ("CBA"). Pursuant to the CBA, the meal hour issue was submitted to arbitration. The parties' submissions authorized the Arbitrator to determine "the proper remedy" in the event a violation were to be found.
 
 
 4
 The Arbitrator found that the Company had denied Union employees the meal hours to which they were entitled under the CBA. Pending ascertainment of the amount involved, the Arbitrator reserved any determination as to the proper remedy "for damages caused to the [Union] by the action of the [Company,] as well as payment of costs, legal expenses and fees." At the hearing to determine the amount due, the Arbitrator, sua sponte and pursuant to Puerto Rico law,[1] awarded double the dollar amount of salary and benefits owed, in addition to attorney fees, expert witness fees and accrued interest. Thereafter, the Company asked the federal district court to set aside the arbitral award of double damages and fees on two grounds: (1) the remedy awarded did not draw its essence from the CBA; and (2) the provisions of Puerto Rico law requiring double damages are preempted by federal labor law. The Company advances the same two arguments on appeal.
 
 II
 DISCUSSION
 A. Arbitrator's Authority
 
 5
 We have emphasized repeatedly that appellate review of an arbitral award is extraordinarily deferential. See, e.g., Challenger Caribbean v. Union Gen. De Trabajadores de Puerto Rico, 903 F.2d 857, 860-861 (1st Cir.1990) (citing cases). "So far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." Bacardi Corp. v. Congreso de Uniones Industriales, 692 F.2d 210, 211 (1st Cir.1982) (quoting Steelworkers v. Enterprise Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960)). Rather, " '[a]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, [even the fact] that a court is convinced he committed serious error does not suffice to overturn his decision.' " Georgia-Pacific Corp. v. Local 27, United Paperworkers Int'l Union, 864 F.2d 940, 944 (1st Cir.1988) (quoting United Paperworkers' Int'l Union v. Misco, Inc., 484 U.S. 29, 38, 108 S.Ct. 364, 370, 98 L.Ed.2d 286 (1987)).
 
 
 6
 Moreover, an arbitrator's authority under the CBA may be supplemented by the parties' submissions. See Challenger Caribbean, 903 F.2d at 866 (citing cases). The extraordinary deference accorded an arbitrator's decision emanates from our recognition that "[t]he federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of awards." Id. at 861 (quoting United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960)). Of course, this does not mean that an arbitrator has "carte blanche approval" for any and every arbitral decision, id. (quoting International Bhd. of Firemen Local 261 v. Great N. Paper Co., 765 F.2d 295, 296 (1st Cir.1985)), since an enforceable award "must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice." Misco, 484 U.S. at 38, 108 S.Ct. at 370; see also Challenger Caribbean, 903 F.2d at 861.
 
 
 7
 The arbitrator in the instant case concluded that double damages, as well as reasonable costs, fees, and accrued interest, were required under Puerto Rico law. See supra note 1. Although an arbitrator has " 'no general authority to invoke public laws that conflict with the bargain between the parties,' " Barrentine v. Arkansas-Best Freight Systems, Inc., 450 U.S. 728, 744, 101 S.Ct. 1437, 1446, 67 L.Ed.2d 641 (1981) (quoting Alexander v. Gardner-Denver, 415 U.S. 36, 53, 94 S.Ct. 1011, 1022, 39 L.Ed.2d 147 (1974)), in this case the CBA itself, as well as the parties' submissions, empowered the arbitrator to resolve the dispute according to law.[2] The Company argues that the "law" to which the CBA and the submissions advert is federal labor law, not Puerto Rico law. We note, however, that the language utilized by the parties in the CBA and in their submissions is not limited in the manner urged by the Company. Moreover, their contract language is more fairly and naturally interpreted to incorporate Puerto Rico law as well. Finally, the parties were entitled to incorporate Puerto Rico law under the terms of their CBA. See, e.g., Challenger Caribbean, 903 F.2d at 866 (holding that terms of CBA required application of Puerto Rico Law 80); In re Hotel Da Vinci, Inc., 797 F.2d 33 (1st Cir.1986) (holding that CBA required application of Puerto Rico Workmen's Accident Compensation Act). In these circumstances, we normally will defer to an arbitrator's interpretation of the arbitral authority conferred by the CBA and the parties' submissions.[3] See Challenger Caribbean, 903 F.2d at 866 (the CBA language "all decisions shall be rendered according to law" enabled arbitrator's application of Puerto Rico law).
 
 B. Preemption
 
 8
 The Company next contends that these Puerto Rico statutory provisions conflict with, and are preempted by, federal labor law. According to the Company, mandatory impositions of penalties, fees, costs, and interest under Commonwealth law may impede the important federal interest in fostering a uniform federal procedure for the enforcement of collective bargaining agreements. See, e.g., International Bhd. of Teamsters, etc. v. Washington Employers, Inc., 557 F.2d 1345, 1350 (9th Cir.1977) (finding similar state statute "arguably" frustrative of "federal interest in a uniform law of collective bargaining agreements"). Furthermore, the almost certain prospect of state-mandated penalties might deter resort to the federally favored labor arbitration process. As we have acknowledged, an "award of punitive damages in the midst of a steady stream of arbitrations between a company and its unions might well undercut both sides' confidence in the arbitration process and decrease their commitment to this essential aspect of 'industrial self government.' " Raytheon Co. v. Automated Business Systems, Inc., 882 F.2d 6, 10 (1st Cir.1989) (quoting United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 580, 80 S.Ct. 1347, 1351, 4 L.Ed.2d 1409 (1960)). Thus, absent an explicit agreement or demand by the parties, or particularly egregious conduct, punitive damage awards generally are disfavored in labor relations cases. See, e.g., Bacardi, 692 F.2d at 214 (vacating arbitral award of punitive damages and attorney fees absent any authorization in CBA, any demand by union, or any allegation of willful or wanton conduct or bad faith). Notwithstanding the potential preemption and comity concerns raised by state laws purporting to require the imposition of punitive damages in labor arbitration proceedings, we conclude that those important concerns are not implicated in these particular circumstances.
 
 
 9
 First, even though the Company was on notice that Puerto Rico law mandates double damages for violations of the wage and hour provisions in a CBA, see Beauchamp v. Dorado Beach Hotel, 98 P.R.R. 622 (1970) (holding that 29 L.P.R. § 282 establishes Commonwealth policy that may not be contravened in arbitration) and that it was not uncommon for double damages to be awarded in Puerto Rico labor arbitration cases, the Company made no attempt to limit the application of Puerto Rico law through the language of the CBA but agreed instead to be bound by any arbitral award that "conforms to law."[4] Second, despite ample notice of its exposure to a mandatory double damage award pursuant to Puerto Rico law, the Company asserted no reservation or objection whatever in its arbitral submission, but merely requested that the arbitrator determine "the proper remedy." Finally, not only did the Company refrain from raising any objection before the arbitrator to an imposition of double damages under 29 L.P.R. § 282, it actually submitted a memorandum relating to the computation of damages, in which it noted that under Puerto Rico law "there is a ... penalty applicable at present in all cases when a compensation is still owed to a complainant. Said ... penalty is the civil penalty applicable in cases that go to court or for arbitration, as declared in the case of Gerson Beauchamp v. Dorado Beach Hotel, 98 P.P.R. 622 (1970)."
 
 
 10
 Thus, the Company proceeded through the entire collective bargaining process, as well as the arbitration process, without raising any reservation as to the applicability of the provisions of Puerto Rico law mandating the imposition of double damages. Were the Company to be allowed to challenge the enforceability of these Puerto Rico statutes for the first time in federal district court, the federal policy favoring resolution of labor relations disputes through resort to binding arbitration, rather than the courts, would be severely undermined. We conclude, therefore, that the Company, by its conduct, waived any preemption claim challenge to the imposition of double damages pursuant to Puerto Rico law. See International Bhd. of Teamsters, 557 F.2d at 1350 (by its conduct and arbitral submission, company waived objection to double damage remedy required under state law);[5] United Food & Commercial Workers, Local 400 v. Marval Poultry Co., 876 F.2d 346, 352 (4th Cir.1989) (failure to raise remedial defenses at arbitration constitutes waiver); see also Sweeney v. Westvaco Co., 926 F.2d 29, 37-41 (1st Cir.1991) (preemption defense deemed waived in labor law context). "Parties to arbitration proceedings cannot sit idle while an arbitration decision is rendered and then, if the decision is adverse, seek to attack the award collaterally on grounds not raised before the arbitrator." United Steelworkers of America, etc. v. Smoke-Craft, 652 F.2d 1356, 1360 (9th Cir.1981), cert. denied, 455 U.S. 1021, 102 S.Ct. 1718, 72 L.Ed.2d 139 (1982).
 
 
 11
 The district court judgment directing enforcement of the arbitral award must be affirmed.
 
 
 12
 Affirmed; costs to appellees.
 
 
 
 [1]
 The Arbitrator relied on 29 L.P.R.A. §§ 246b and 282:
 § 246b. Claims by employees
 (a) Any laborer or employee who receives a lower compensation than that fixed in section 242 et seq. of this title or in a mandatory decree, order or regulation of the Minimum Wage Board or in a collective bargaining agreement or an individual work contract shall be entitled to recover through a civil action the unpaid difference up to the total amount of the compensation to which he is entitled for wages, vacation, sick leave or any other benefit, plus an amount equal to the unpaid amount as additional compensation, besides the costs, expenses, interest and attorney's fees for the proceedings, which fees shall be in a reasonable amount, in no case lower than fifty (50) dollars, all this irrespective of any agreement to the contrary.
 § 282. Claims of employees; damages; compromise; intervention of mediators.
 Any employee who receives a compensation less than that fixed by sections 271-288 of this title ... for the period fixed for meals, shall be entitled to recover from his employer, through civil action, the sums unpaid, plus an equal sum as liquidation of damages, in addition to the costs, expenses, and attorney's fees of the proceeding.
 
 
 [2]
 Article VI, section 6, of the CBA provides that: "The award of the arbitrator shall be final and binding on the parties provided the same conforms to law...." (emphasis added). The final submission enabled the arbitrator to resolve the dispute "in light of the evidence, the facts of the case, the allegations of the parties and the applicable law." (emphasis added)
 
 
 [3]
 The arbitrator's finding that the CBA and the parties' submissions authorized the imposition of double damages distinguishes the instant case from Bacardi Corp. v. Congreso de Uniones Industriales, 692 F.2d 210 (1st Cir.1982), where we vacated an award of punitive damages and attorney fees on the ground that the arbitrator's decision cited no authorization in the CBA and offered no other rationale for the award
 
 
 [4]
 Other courts have held that similar grants of remedial power conferred discretionary arbitral authority to award punitive damages. See Goss Golden West Sheet Metal, Inc. v. Sheet Metal Workers Int'l Union, Local 104, 933 F.2d 759, 764 (9th Cir.1991) (arbitrator empowered to "render ... such relief to either party as [it] deem[s] necessary and proper"); International Asso. of Heat & Frost Insulators & Asbestos Workers, Local Union 34 v. General Pipe Covering, Inc., 792 F.2d 96, 100 (8th Cir.1986) (arbitration board had "power to impose fines or other penalties")
 
 
 [5]
 In International Bhd. of Teamsters, supra, the company raised a preemption challenge to a Washington state statute mandating a similar double-damage remedy, but only after the company explicitly submitted to arbitration the question whether its conduct violated state law. The company did not object to the imposition of double damages until it reached federal court, following an adverse arbitration ruling. Although the district court concluded that the state statute was preempted by federal law, the Ninth Circuit reversed on waiver grounds. The instant case is distinguishable in the sense that the Company made no explicit submission of the precise issue as to whether Commonwealth law had been violated. Nevertheless, the Company's conduct, viewed in light of its admitted awareness of the likely application of Commonwealth law, see also Beauchamp, 98 P.R.R. 622, constituted a clear, albeit implicit, submission of the issue to arbitration