**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

S&L ENTERPRISES, INC., an
Oklahoma corporation,

Plaintiff-Appellant,

v.

ECOLAB INC.,

Defendant-Appellee.

Nos. 05-6360 & 05-6369
(D.C. Nos. 05-CV-573-W &
05-CV-987-W)
(W.D. Okla.)

**ORDER AND JUDGMENT** [*]

Before **TACHA**, Chief Judge**, O'BRIEN**, and **McCONNELL**, Circuit Judges.

These consolidated appeals arise from a dispute between S&L Enterprises,

Inc., and Ecolab Inc., over payments to be made by Ecolab to S&L under an asset

purchase agreement governed by Delaware law. S&L filed an arbitration demand

and, before arbitration proceedings were completed, also filed an action for

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

breach of contract in the Western District of Oklahoma. After a three-day hearing, the arbitrator issued his award rejecting S&L's arguments and ordering S&L to pay certain administrative and arbitration fees and expenses, as well as Ecolab's legal fees and costs. S&L then filed a motion in the district court seeking to partially vacate or modify the arbitration award. Ecolab filed an action (in the District of Minnesota—later transferred to the Western District of Oklahoma) seeking to confirm the arbitration award. The district court consolidated the two cases and, on October 6, 2005, issued an order granting Ecolab's motion to confirm the award and denying S&L's motion to partially vacate or modify the award. Aplt. App., Vol. II at 481-93 (District Court Order). The district court held that "S&L has at most attempted to show that in its opinion the arbitrator misinterpreted Delaware law [and] has not . . . shown that the arbitrator expressly disregarded such law[.]" Id. at 492. S&L filed two notices of appeal (apparently because of the two district court case numbers), resulting in two appeals being docketed with this court. On November 23, 2005, this court consolidated the two appeals.

S&L makes two two-part arguments on appeal that the district court erred in confirming the arbitration award. First, S&L argues that the arbitrator ruled in manifest disregard of Delaware law by (1)(a) construing the contract in a way that ignored the placement of a comma in the clause covering further payments from Ecolab to S&L, and (b) failing to construe the ambiguity resulting from the

-2-

placement of the comma in the disputed clause against Ecolab, the drafter. Second, S&L argues that the arbitrator ruled in manifest disregard of Delaware law by (2)(a) failing to find that there was no valid contract because Ecolab's promise of further payments was contingent on sales and thus was illusory, and (b) failing to find that there was no valid contract because there was no meeting of the minds as to the interpretation of the further payments clause. Ecolab has moved for a determination that the appeals are frivolous so that it can move for sanctions. "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir. 1987) (quotation omitted).

When a district court confirms an arbitration award, we review its legal conclusions de novo and its factual findings for clear error. Dominion Video Satellite, Inc. v. EchoStar Satellite L.L.C., 430 F.3d 1269, 1275 (10th Cir. 2005). But "[j]udicial review of arbitration panel decisions is extremely limited; indeed, it has been described as among the narrowest know to law." Id. (quotation omitted). "Once an arbitration award is entered, the finality of arbitration weighs heavily in its favor and cannot be upset except under exceptional circumstances." Hollern v. Wachovia Sec., Inc., 458 F.3d 1169, 1172 (10th Cir. 2006) (quotation omitted). "A district court may vacate an arbitral award only for reasons enumerated in the Federal Arbitration Act . . ., 9 U.S.C. § 10, or for a handful of judicially-created reasons." Id. (quotation omitted).

"[W]e have acknowledged a judicially-created basis for vacating an award when the arbitrators acted in 'manifest disregard' of the law." Dominion Video Satellite, Inc., 430 F.3d at 1275 (quoting ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1463 (10th Cir. 1995)). "This standard requires a finding that the panel's decision exhibits 'willful inattentiveness to the governing law.'" Id. (quoting ARW Exploration Corp., 45 F.3d at 1463). In other words, "a finding of manifest disregard means the record will show the arbitrators knew the law and explicitly disregarded it." Bowen v. Amoco Pipeline Co., 254 F.3d 925, 932 (10th Cir. 2001). "Errors in an arbitration panel's factual findings, or its interpretation and application of the law, do not justify vacating an award." Hollern, 458 F.3d at 1172 (quotation omitted). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.'" United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38 (1987) (emphasis added). Having reviewed the parties' materials, we agree with the district court that S&L has, at most, attempted to show that the arbitrator misinterpreted Delaware law and has not shown that the arbitrator expressly disregarded Delaware law.

S&L first argues that the arbitrator ignored the placement of a comma in the further payments clause and then, incongruously, that the arbitrator failed to construe the resulting ambiguity against Ecolab, the drafter. This argument is

frivolous. Rather than ignoring the comma, the arbitrator began his analysis by noting that the placement of the comma created an ambiguity that could not be resolved in favor of Ecolab on its motion for summary judgment because Ecolab drafted the clause. See Aplt. App., Vol. I at 51 (Award of Arbitrator). Delaware law requires that "a contract be construed as a whole, giving effect to the parties' intentions." DCV Holdings, Inc. v. ConAgra, Inc., 889 A.2d 954, 961 (Del. 2005). "When the provisions in controversy are fairly susceptible of different interpretations or may have two or more different meanings, there is ambiguity [and] the interpreting court must look beyond the language of the contract to ascertain the parties' intentions." Eagle Indus., Inc. v. DeVilbiss Health Care, Inc., 702 A.2d 1228, 1232 (Del. 1997). To do this, "a court may consider evidence of prior agreements and communications of the parties as well as trade usage or course of dealing." Id. at 1233. That is exactly the approach the arbitrator took in this case—he denied Ecolab's motion for summary judgment and held a hearing to gather extrinsic evidence. See Aplt. App., Vol. I at 51. And contrary to S&L's assertion, under Delaware law, the rule that ambiguities are construed against the drafter is only determinative when one party "has very little say about [the] terms except to take them or leave them or to select from limited options offered by the [other party]." SI Mgmt., L.P. v. Wininger, 707 A.2d 37, 43 (Del. 1998). When the contract has been negotiated, as in this case, the rule "is one of last resort, such that a court will not apply it if a problem

in construction can be resolved by applying more favored rules of construction." E.I. du Pont de Nemours & Co. v. Shell Oil Co., 498 A.2d 1108, 1114 (Del. 1985). We conclude that even if the arbitrator's resolution of the ambiguity created by the comma was wrong under Delaware law, that is not a ground to vacate the arbitration award. The arbitrator clearly was acting within the scope of his authority.

S&L also argues that the arbitrator ruled in manifest disregard of Delaware law by failing to find that there was no valid contract because Ecolab's promise of further payments was contingent on sales and thus was illusory, and by failing to find that there was no valid contract because there was no meeting of the minds as to the interpretation of the further payments clause.

S&L's "illusory promise" argument is frivolous. S&L maintains that the contractual provision for further payments is illusory because Ecolab had complete control over the future sales upon which further payments are contingent. The arbitrator implicitly rejected this argument, although the arbitrator stated no reasons. "[A]rbitrators are generally not required to delineate the reasons for their decision," Hollern, 458 F.3d at 1177, and S&L does not argue that the case should be remanded to the arbitrator for clarification. Rather, S&L maintains that because the arbitrator noted that further payments were contingent on sales, that he necessarily should have concluded that the promise of further payments was illusory. We are unpersuaded. The only way the arbitrator

could have found the further payments clause to be illusory was if he assumed that Ecolab would breach the "implied covenant of good faith and fair dealing that inheres in every contract." Montgomery Cellular Holding Co. v. Dobler, 880 A.2d 206, 223 (Del. 2005). Under Delaware law, "[c]ontracts are to be interpreted in a way that does not render any provisions illusory or meaningless." O'Brien v. Progressive N. Ins. Co., 785 A.2d 281, 287 (Del. 2001) (quotation omitted). We cannot agree that a contingent clause must result in a conclusion that the promise contained therein is illusory.

As for S&L's final argument that there is no valid contract because there was no "meeting of the minds," Ecolab argues that S&L waived this argument because S&L did not raise it to the arbitrator. S&L asserts that the issue is not waived because the record put it before the arbitrator even though S&L did not raise it expressly.

S&L's authorities are clearly distinguishable from this case. In one cited case, the question of remedy was before the arbitrator, and there was no dispute in the record that the contract at issue had expired. Hosp. Employees, Local 1273, Laborers' Int'l Union of N. Am., AFL-CIO v. Deaton Hosp. & Med. Ctr. of Christ Lutheran Church, 671 F. Supp. 1049, 1050 (D. Md. 1986). On appeal, the court considered the question of the arbitrator's power to award remedies after the expiration of the contract was implicitly before the arbitrator and therefore was not waived on appeal despite the plaintiff's failure to argue it explicitly. Id. In

-7-

the other cited case, the arbitrator's award on a subrogation claim was determined by the court—and was conceded by the party that had received the award—to be contrary to clear state law on the very subject matter of the arbitration and therefore was not waived on appeal. Travelers Ins. Co. v. Nationwide Mut. Ins. Co., 886 A.2d 46, 50 (Del. Ch. 2005). Such undisputable clarity does not exist in this case, which began when S&L filed its demand for arbitration to enforce its interpretation of the asset purchase agreement. Aplt. Opening Br. at 11. We conclude that S&L's argument that the contract is invalid because there was no "meeting of the minds" is waived because S&L did not present it to the arbitrator. See, e.g., Zingg v. Dep't of the Treasury, 388 F.3d 839, 843 (Fed. Cir. 2004); Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 380 F.3d 1084, 1100 (8th Cir. 2004); Ganton Techs., Inc. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., U.A.W., Local 627, 358 F.3d 459, 462 (7th Cir. 2004); Teamsters Union Local No. 42 v. Supervalu, Inc., 212 F.3d 59, 68 (1st Cir. 2000); United Steelworkers of Am., AFL-CIO.CLC v. Smoke-Craft, Inc., 652 F.2d 1356, 1360 (9th Cir. 1981).

Based on our review of S&L's arguments, it was frivolous for S&L to suggest that the arbitrator was not "even arguably construing or applying the contract and acting within the scope of his authority[.]" United Paperworkers Int'l Union, AFL-CIO, 484 U.S. at 38 (emphasis added). Ecolab's motion for a determination that these consolidated appeals are frivolous is therefore granted,

-8-

and we invite Ecolab, within fifteen days of the date of this order, to file a motion for sanctions in which it apprizes this court of the reasonable and necessary attorney's fees and costs it incurred in opposing S&L's appeal from the district court. S&L will then have fifteen days from the filing of Ecolab's motion to show cause why it should not be sanctioned.

The district court's order confirming the arbitration award is AFFIRMED.


Entered for the Court


Terrence L. O'Brien
Circuit Judge