# United States Court of Appeals
## For the First Circuit

---

No. 01-1122

DEV VRAT GUPTA,

Petitioner, Appellant,

v.

CISCO SYSTEMS, INC.,

Respondent, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

---

Before

Lipez, Circuit Judge,
Bownes, Senior Circuit Judge,
and Barbadoro,* District Judge.

---

Michael E. Norton, with whom Robinson Murphy & McDonald, David C. Casey, and Bingham Dana LLP were on brief for appellant.

Thomas M. Peterson, with whom Franklin Brockway Gowdy, Brian L. Johnsrud, Brett M. Schuman, and Brobeck, Phleger & Harrison LLP were on brief for appellee.

December 3, 2001

_____

*Of the District of New Hampshire, sitting by designation.

**BOWNES, Senior Circuit Judge.** Petitioner-appellant Dev Vrat Gupta is an engineer and former employee of respondent-appellee Cisco Systems, Inc. At issue is the ownership of several million dollars' worth of stock in Maxcomm Technologies, Inc., a company Gupta founded while employed by Cisco. An arbitrator issued an award upholding Cisco's right to repurchase the stock, and the District Court for the District of Massachusetts denied Gupta's motion to vacate the award. We affirm the decisions below.

## I.  Background

Gupta began working for Cisco in July, 1997. In March, 1998, he founded Maxcomm. Gupta remained employed by Cisco while serving as Maxcomm's President and Chief Executive Officer. On July 17, 1998, the parties signed a Founder's Agreement in which Gupta, in exchange for financing, gave Maxcomm or its successors the right to repurchase Gupta's shares if he left Maxcomm before January of 2002.

On September 9, 1999, Gupta and Cisco entered into an Employment Agreement.[1] The Employment Agreement contained an integration clause providing that the Agreement superceded and

---

[1]Cisco and Gupta had executed an earlier Employment Agreement on July 25, 1997, as well as a Proprietary Information and Invention Agreement and agreements concerning stock and stock options. None of these agreements is directly at issue in this case.

replaced all prior agreements between Gupta and Maxcomm, as well as Gupta and Cisco, "relating to the subject matter hereof, including, but not limited to, any and all prior employment agreements." The integration clause explicitly excepted certain other agreements, but did not mention the Founder's Agreement. The Employment Agreement also contained an arbitration clause and a choice-of-law provision specifying California law.

Also on September 9, 1999, Gupta signed an amendment to the Founder's Agreement referring to Maxcomm's right to repurchase "unvested shares" in the event of the termination of his employment. The amendment provided, inter alia, that absent shareholder approval Gupta "shall not be entitled to any accelerated vesting of the Shares in connection with the acquisition of the Company by Cisco."

On September 13, 1999, Cisco acquired Maxcomm. Effective that date, Maxcomm and Cisco entered into a Merger Agreement providing, inter alia, that Cisco could exercise repurchase rights equivalent to those held by Maxcomm under the Founder's Agreement. Gupta had negotiated that contract on behalf of Maxcomm, with the assistance of counsel.

On May 24, 2000, Gupta voluntarily resigned from his employment at Cisco. Cisco repurchased the Maxcomm stock

pursuant to the Founder's Agreement and compensated Gupta for the repurchased shares.

The matter proceeded to arbitration in April, 2000. The arbitrator performed a "contextual analysis" in interpreting the contract: she examined several other contracts as well as the plain language of the integration clause to determine the intent of the parties.[2] She concluded that the integration clause in the Employment Agreement covered only contracts relating to employment; that the Founder's Agreement did not relate to employment; and hence that the Employment Agreement did not replace or supercede the Founder's Agreement. Accordingly, she held that Cisco retained the right to repurchase the Maxcomm stock.

Gupta filed suit under the Federal Arbitration Act, 9 U.S.C. § 10, to vacate the arbitrator's award. On December 19, 2000, the district court affirmed the award.

## II. Discussion

Our review of an arbitrator's decision is "extremely narrow and exceedingly deferential." Keebler Co. v. Truck Drivers, Local 170, 247 F.3d 8, 10 (1st Cir. 2001) (citation omitted); Bull HN Info. Sys., Inc. v. Hutson, 229 F.3d 321, 330

---

[2]The arbitrator cited California law, pursuant to the choice-of-law provision in the Employment Agreement, in support of this analysis.

(1st Cir. 2000) (citation omitted).  We recently emphasized that "disputes that are committed by contract to the arbitral process almost always are won or lost before the arbitrator.  Successful court challenges are few and far between."  Keebler, 247 F.3d at 10 (quoting Teamsters Local Union No. 42 v. Supervalu, Inc., 212 F.3d 59, 61 (1st Cir. 2000)) (interpreting collective bargaining agreement).  Indeed, "judicial review of an arbitration award is among the narrowest known to the law."  Coastal Oil v. Teamsters Local A/W, 134 F.3d 466, 469 (1st Cir. 1998) (citation omitted).

In this Circuit, arbitral awards are subject to review only in two relevant instances:  (1) where an award is contrary to the plain language of the contract or (2) where it is clear from the record that the arbitrator recognized the applicable law, but ignored it.  Bull HN Info. Sys., 229 F.3d at 330-31. "In the parlance of this and other circuits, a reviewing court may vacate an arbitral award if it was made in 'manifest disregard' of the law."  Id. at 331.  Thus, we will affirm the arbitrator's interpretation of the Employment Agreement if it is in any way plausible, even if we think she committed serious error.  See Coastal Oil, 134 F.3d at 469; Dorado Beach Hotel Corp. v. Union de Trabajadores de La Industria Gastronomica de Puerto Rico Local 610, 959 F.2d 2, 4 (1st Cir. 1992).  "[I]t is the arbitrator's view of the facts and of the meaning of the

contract that [the parties] have agreed to accept." Bull HN Info. Sys., 229 F.3d at 330 (internal quotation marks omitted).

Gupta maintains that the arbitrator and district court erred in concluding that the Founder's Agreement did not relate to employment. He contends that the very purpose of that agreement was to secure his continued relationship with Cisco, and points out that his employment was explicitly mentioned several times therein. This argument is not without force. We are constrained, however, by the standard of review. See Wheelabrator Envirotech Operating Serv. Inc. v. Mass. Laborers Dist. Council Local 1144, 88 F.3d 40, 48 (1st Cir. 1996) (affirming arbitrator's award even though "as a matter of first impression we might well have decided the case otherwise"). Even if we disagree with the arbitrator's interpretation of the integration clause in the Employment Agreement, it does not amount to manifest disregard of the law. See Bull HN Info. Sys., 229 F.3d at 330-31. The arbitrator's determination that the parties did not intend to cut off Cisco's repurchase rights is sufficiently grounded in the record such that we cannot say it is contrary to the plain language of the Employment Agreement. See id. Nor is this a situation wherein the arbitrator recognized but ignored the applicable law. See id. Hence, we defer to her conclusion that the Employment Agreement

does not supercede or replace the Founder's Agreement, and affirm the award in favor of Cisco.

**Affirmed.**