**PUERTO RICO PORTS AUTHORITY**
**Plaintiff,**

v.

**MISENER MARINE CONSTRUCTION, INC. Defendant.**

**No. CIV. 02–1401(HL).**

United States District Court,
D. Puerto Rico.

Nov. 18, 2002.

Luis F. Colon, Colon Gonzalez, San Juan, PR, for plaintiff.

Manuel A. Moreda–Toledo, McConnell Valdes, San Juan, PR, for defendant.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Plaintiff Puerto Rico Ports Authority ("PRPA") has requested the Court to vacate or modify an arbitration award in favor of Defendant, Misener Marine Construction, Inc ("MMC"). Defendant subsequently cross-claimed requesting the Court to confirm the award.

### Facts

This dispute arises out of a contract entered into by the parties to construct two wharfs in San Juan, Puerto Rico. A year after the project had been declared "substantially complete," MMC alleged that PRPA had delayed payment for the completed work. PRPA argued that it

was not obligated to make the payments because the wharf had begun to crack, subside and fail as a result of MMC's poor construction. To resolve the dispute, the parties submitted to arbitration before a three person panel appointed by the American Arbitration Association. On the outset, both parties stipulated to the arbitrators applying Puerto Rico Law. After holding several hearings and reviewing the evidence, the panel found in favor of Defendant in the amount of $2,356,153.51. It also found that MMC was not responsible for the costs of correcting the failing wharfs.

### Discussion

■ Judicial review of an arbitration award is "extremely narrow and exceedingly deferential." *Bull HN Info. Sys., Inc. v. Hutson*, 229 F.3d 321, 330 (1st Cir.2000); *see also Coastal Oil v. Teamsters Local a/w*, 134 F.3d 466, 469 (1st Cir.1998) ("a judicial review of an arbitration award is among the narrowest known to the law.") Indeed, district courts do not have the luxury "to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 371, 98 L.Ed.2d 286 (1987). Rather, an arbitration award can only be vacated or modified in rare circumstances such as when the arbitrator has engaged in misconduct as specified in the Federal Arbitration Act, where an award contradicts the plain language of a contract, or when it is clear from the record that the arbitrator recognized the applicable law, and ignored it. *Gupta v. Cisco Systems, Inc.*, 274 F.3d 1, 3 (citing *Bull HN Info Sys., Inc.*, 229 F.3d at 330–31). *See also* 9 U.S.C. § 10 and *Wonderland Greyhound Park, Inc. v. Autotote Systems, Inc.*, 274 F.3d 34, 35 (1st Cir.2001).

■ Plaintiff's base their claim on this latter category and argue that the Court is authorized to vacate or modify the award because the arbitrator demonstrated a manifest disregard for local legal principles. Article 1483 of the Civil Code of Puerto Rico states that "[t]he contractor of a building which may have been destroyed by reason of defects in the construction shall be liable for the losses and damages if said building should collapse within ten (10) years to be counted from the completion of the construction." 31 P.R.L.A. § 4124. Plaintiff argues that in *Rivera v. A.C. Development Corp.*, 144 D.P.R. 450, 476–477 (1997) the Puerto Rican Supreme Court held that under this statute, proof of a construction defect creates a presumption that the defect is the fault or negligence of the contractor. Furthermore, Plaintiff's allege that under *Rivera*, a slide or subsidence in a construction project is in itself, among the most frequent construction defects.

■ Plaintiff's explanation of the statutory and case law of Puerto Rico may be compelling. However, PRPA still fails to meet its burden. The arbitrators' order shows an analysis of Article 1483 resulting in a different interpretation then the one advanced by the Plaintiff. While plaintiff's own legal analysis may very well be correct or preferable to the arbitrators', this is not sufficient grounds for the court to vacate or modify the award. Indeed, even "a mere mistake of law by an arbitrator cannot serve as the basis for judicial review." *Prudential–Bache Securities, Inc. v. Tanner*, 72 F.3d 234, 239 n. 6 (1st Cir.1995). Provided the arbitrators' analysis is sound and plausible, which it is in this case, we must affirm the award even though "as a matter of first impression we might well have decided the case otherwise." *Wheelabrator Envirotech Operating Serv. Inc. v. Mass. Laborers Dist. Council Local 1144*, 88 F.3d 40, 48 (1st Cir.1996).

There are "certain circumstances [where] the governing law may have such widespread familiarity, pristine clarity, and irrefutable applicability that a court could assume the arbitrators knew the rule and notwithstanding, swept it under the rug." *Advest v. McCarthy,* 914 F.2d 6, 10 (1st Cir.1990). Nothing in the record indicates that this is one of these cases. Article 1483 is neither pristine nor irrefutable as evidenced by the differing interpretations given by the Plaintiff, the Defendant, and the arbitrators.[1]

The standard of review for vacating or setting aside and arbitration award has created a difficult hurdle for the Plaintiff which it has failed to cross. A review of the record indicates that the arbitrators did not manifestly disregard the applicable law but rather had a different, yet plausible interpretation of it. Accordingly, Plaintiff's motion to vacate or modify the arbitration award is denied. Defendant's motion to confirm the award is granted.[2]

**IT IS SO ORDERED.**

---

1. Moreover, the arbitrators' analysis is arguably rooted more on questions of fact then law. For example, in its order, the arbitrators concluded that the statute's application to "buildings" did not cover wharfs because they are not "traditional buildings." Accordingly, Article 1483 was deemed inapplicable. Determining what structures constitute a "building" can be construed as a factual inquiry. Neither the Federal Arbitration Act nor the First Circuit recognizes judicial review of an arbitration award on the basis of factual errors. *See Wonderland Greyhound Park,* 274 F.3d at 36–37 (1st Cir.2001) ("[a]n arbitrator's factual findings are generally 'not open to judicial challenge.'") (*quoting El Dorado Technical Servs., Inc. v. Union General De Trabajadores de Puerto Rico,* 961 F.2d 317, 320 (1st Cir.1992)). *See also Boston Med. Ctr. v. Serv. Employees Int'l Union, Local* 285, 260 F.3d 16, 18 (1st Cir.2001) ("[w]e accept the facts as the arbitrator found them.").

2. Defendant, in its opposition to Plaintiff's motion, argues that Plaintiff is time barred from requesting the Court to set aside or modify the arbitration award. Since Plaintiff has failed to provide a basis for review of the award, the Court need not address this issue.